IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAINT CYR MIGWELL MARDET,<br>Petitioner,<br><br>v.<br><br>J.L. JAMISON, et al.,<br>Respondents. | CIVIL ACTION<br><br><br><br>NO. 25-7169 |

HODGE, J.                                                                                                                                                    December 31, 2025

## MEMORANDUM

Before the Court is Petitioner Saint Cyr Migwell Mardet's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner was detained by Immigration and Customs Enforcement ("ICE") on December 16, 2025, pursuant to the mandatory detention provision in Section 235 of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1225(b)(2). Petitioner submits that he has been wrongfully detained under Section 1225(b)(2) and that discretionary detention with the opportunity for a bond hearing under Section 1226(a) is applicable instead because he was residing in the United States at the time of detention. (ECF No. 1 at 3.) J.L. Jamison, Brian McShane, Todd Lyons, Kristi Noem, the U.S. Department of Homeland Security, and Pamela Bondi (collectively, "Respondents") oppose habeas relief. (ECF No. 7.)

As Respondents concede, the vast majority of the at least 289 district court decisions to consider their position, including forty-three decisions in this district,[1] have rejected their

---

[1] In a similar matter that this Court recently addressed, *see Salinas Jaigua v. Jamison et al.*, No. CIV.A. 25-7115, Respondents attested in their Response in Opposition (ECF No. 5) on December 23, 2025—only six days before they filed their Response in Opposition in this case—that thirty-three decisions in this District have rejected their argument, demonstrating the frequency of the filings of these petitions for relief.

argument and held that application of Section 1225(b)(2) to noncitizens residing in the United States is unlawful. (ECF No. 7 at 1; ECF No. 4-1 at 2.) For the reasons set forth below, and in keeping with the decisions of my colleagues, Petitioner's Petition is granted because this Court finds that Section 1226(a) is applicable and Petitioner's detention not only circumvents but offends due process.

## I. PROCEDURAL BACKGROUND[2]

Respondents do not dispute the facts as stated in Petitioner's Petition, and therefore, the Court accepts them as true. (ECF No. 7 at 2.) Petitioner is a citizen of the Central African Republic. (ECF No. 1 ¶ 18.) He entered the United States on November 1, 2023 via Mexico and was detained by officials from Customs and Border Patrol. (*Id.* ¶ 2.) After a brief period of detention, Petitioner was released into the United States under his own recognizance pursuant to Section 236 of the INA, 8 U.S.C. § 1226. (*Id.*) As a condition of his release, Petitioner was required to report to the ICE office near his final destination within 60 days or face removal from the United States. (*Id.* ¶ 3.) Petitioner complied with this condition and appeared at the Philadelphia ICE office when required, the last time being on December 16, 2025, when he was detained. (*Id.*)

On October 29, 2024, Petitioner timely filed a Form I-589, Application for Asylum with the Executive Office for Immigration Review (EOIR), which remains pending. (*Id.* ¶ 4.) As an asylum applicant, Petitioner has work authorization and a social security number. (*Id.*) The parties have not made the Court aware of any criminal history of Petitioner.

As noted above, on December 16, 2025, Petitioner was arrested by ICE at his regular check-in. (*Id.* ¶ 5.) ICE agents detained Petitioner at the Federal Detention Center ("FDC") in Philadelphia, where he remains. (*Id.* ¶ 1.) Petitioner was previously charged as an alien who

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

entered the United States without admission or parole, or who arrived in the United States at any time or place other than as designated. *See* INA Section 212(a)(6)(A)(i) [8 U.S.C. § 1182 (a)(6)(A)(i)]. (*Id.* ¶ 5.)

Petitioner promptly filed the instant Petition, seeking his release from detention by ICE "unless Respondents provide a bond hearing under § 1226(a) within seven days." (*Id.* ¶ 10.) Respondents oppose habeas relief.[3] (ECF No. 7.)

## II.   LEGAL STANDARD

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." The burden is on the petitioner to show that his confinement is unlawful. 28 U.S.C. § 2241(c)(3); *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## III.   DISCUSSION

Respondents argue this Court lacks jurisdiction to hear Petitioner's claims pursuant to 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii). (ECF No. 7 at 5-9.) None of these statutes are applicable to the instant Petition, as my colleagues have repeatedly explained on numerous occasions in the recent past. *See Demirel v. Fed. Detention Center*, No. 25-cv-5488, 2025 WL 3218243, at *2–3 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *3–4 (E.D. Pa. Nov. 14, 2025); (Wolson, J.); *Patel v. McShane*, 25-cv-5975 (E.D. Pa. Nov. 20, 2025) (Brody, J.). Similarly, this Court adopts the reasoning of those decisions here.

---

[3] Respondents submit that this matter can be resolved on the briefs and without a hearing. (ECF No. 7 at 5.)

3

The primary issue the parties dispute is whether mandatory detention pursuant to Section 1225(b)(2)(A) is unlawful where, as here, a noncitizen is already present in the United States. Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding . . . ." By contrast, 8 U.S.C. § 1226(a) "applies to aliens already present in the United States," *Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018), and provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any of the criminal offenses listed in Section 1226(c).

Reversing course, on July 8, 2025, the Department of Homeland Security ("DHS") issued a policy instructing all ICE employees to consider anyone deemed inadmissible under § 1182(a)(6)(A)(i)—*i.e.,* all those who entered the United States without admission or inspection—to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond. This policy was subsequently enshrined in a September 5, 2025 decision by the Board of Immigration Appeals ("BIA"), which took the position that all non-citizens who are present in the United States without admission are subject to mandatory detention under Section 1225(b) and that an immigration judge has no authority to consider their bond requests. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).

As the Supreme Court has explained, "aliens *already in the country* pending the outcome of removal proceedings" may be detained pursuant to Section 1226(a). *Jennings*, 583 U.S. at 289 (emphasis added). Respondents assert that Congress crafted the "applicants for admission"

4

language of Section 1225(b)(2)(A) broadly to include noncitizens like Petitioner who are already present within the United States. (ECF No. 5 at 16.) However, as my colleagues have reasoned, if the Court accepts Respondents' argument that Section 1225(b)(2)(A) applies to all "applicant[s] for admission," then there was no need for Congress to specify that Section 1225(b)(2)(A) would apply to "alien[s] seeking admission." *Demirel*, 2025 WL 3218243, at *4. This Court must grant "every clause and word of a statute . . . meaning" and render "no clause, sentence, or word . . . superfluous, void, or insignificant." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023). If this Court adopted Respondents' reading of Section 1225(b)(2)(A) to apply to "all applicant[s] for admission," it would render the phrase "seeking admission" superfluous. However, the text "seeking admission" is not unnecessary and, thus, as this Court has stated in a previous opinion, shall not be ignored by this Court.

Here, the parties do not dispute that Petitioner was already in the United States upon his detention on December 16, 2025. He was not actively "seeking admission"; rather, he had previously entered the United States and resided here for over two years. Has the Petitioner done anything since his last check-in appointment before December 16, 2025 to justify his detention without a hearing? Based on the facts as stated and, more importantly, conceded by Respondents, he has not. There are no facts presented to this Court that demonstrate a basis for his detention absent a hearing. I therefore follow the decisions of my colleagues and hold that Section 1225(b)(2)(A) cannot apply to Petitioner. *See, e.g.*, *Patel,* 25-cv-5975; *Demirel*, 2025 WL 3218243; *Kashranov*, 2025 WL 3188399, at *4–7; *Cantu-Cortes*, 2025 WL 3171639, at *1–2.

Respondents assert that "Petitioner's detention does not offend due process." (ECF No. 7 at 5.) This Court strongly disagrees. The Fifth Amendment's Due Process Clause prevents the government from depriving any person of "life, liberty, or property, without due process of law."

5

The "Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test outlined in *Mathews v. Eldridge*, which weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the government's interest, including administrative burdens of additional procedures. 424 U.S. 319, 334 (1976).

All three *Mathews* factors weigh in favor of Petitioner. In this instance, Petitioner has a strong private interest in his personal liberty. The failure of the government to afford him *any* individualized determination regarding whether he posed a danger or flight risk poses a high risk of erroneous deprivation of his rights, while a bond hearing imposes a minimal administrative burden. Respondents have not set forth any circumstances that have changed such that Petitioner poses more of a danger or flight risk now than when he was initially released from detention at the border in 2023. To the contrary, the fact that Petitioner had, prior to his most recent detention, (1) submitted an application for asylum with the EOIR; (2) has work authorization, a social security number, and no demonstrable criminal record; and (3) voluntarily appeared for a check-in with ICE indicates the opposite conclusion. Therefore, the application of the *Mathews* factors and constitutional due process therefore necessitated a bond hearing prior to Petitioner's detention on December 16, 2025. Because that hearing did not occur, Petitioner should not now be in custody.

**IV.    CONCLUSION**

For the aforementioned reasons, Petitioner's detention without a bond hearing offends the INA and the Due Process Clause of the Fifth Amendment. Therefore, this Court grants Petitioner's Petition, orders his immediate release, permanently enjoins the Government from re-detaining him

under Section 1225(b)(2)(a), and temporarily enjoins the Government from re-detaining him under Section 1226(a) for seven days following his release. An appropriate Order follows.

BY THE COURT:

/s/ Kelley B. Hodge

_____
HODGE, KELLEY B., J.