IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAINT CYR MIGWELL MARDET,**<br>Petitioner,<br><br>v.<br><br>**J.L. JAMISON, et al.,**<br>Respondents. | CIVIL ACTION<br><br><br><br><br>NO.  25-7169 |

**O R D E R**

**AND NOW**, this 31st day of December, 2025, upon consideration of Petitioner Saint Cyr Migwell Mardet's Petition for Writ of Habeas Corpus (ECF No. 1 (the "Petition")) and the Government's response thereto (ECF No. 7), as well as Petitioner's Motion for Temporary Restraining Order (ECF No. 4), and for the reasons stated in the accompanying Memorandum, it is **HEREBY ORDERED** as follows:

1. The Petition is **GRANTED**. The Government shall **RELEASE** Petitioner from custody immediately and file an entry on the docket certifying compliance with this Order **no later than 5:00 p.m. on January 2, 2026**.

2. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, Petitioner is subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

3. The Government is temporarily enjoined from re-detaining Petitioner until **January 7, 2026.**

4. If the Government decides to pursue re-detention of Petitioner after January 7, 2026, it must first provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

1

5. The Government may not remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines at the bond hearing that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances so require.

6. Petitioner's Motion for Temporary Restraining Order (ECF No. 4) is **DENIED AS MOOT.**

7. The Clerk of Court shall mark this case as closed.

**BY THE COURT:**

/s/ Kelley B. Hodge
_____
   **HODGE, KELLEY B., J.**